**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

**MONICA A. CHARLES**,

              Plaintiff,

              v.                       Case No. 15-cv-00255 (CRC)

**DISTRICT OF COLUMBIA**,

              Defendant.

---

**MEMORANDUM OPINION**

Monica A. Charles was employed for several years in a temporary position as a Program Support Assistant with the District of Columbia's Department of Youth Rehabilitation Services ("DYRS"). After rejecting her application for permanent employment and refusing to conduct a "desk audit" to determine if she was performing work beyond her pay grade, DYRS decided not to renew Charles's temporary appointment. According to Charles, the DYRS officials who took these actions against her acted with discriminatory intent based on her race, age, and national origin, and retaliated against her for objecting to their allegedly discriminatory employment practices.

In response, Charles filed a charge of discrimination with both the Maryland Commission on Civil Rights and the Equal Employment Opportunity Commission ("EEOC"), and after receiving a right-to-sue letter, brought this lawsuit alleging violations of the Age Discrimination in Employment Act ("ADEA") and Title VII of the Civil Rights Act of 1964. She also seeks to recover damages for her Title VII claim pursuant to Section 102 of the Civil Rights Act of 1991, codified at 42 U.S.C. § 1981a. The District now moves to dismiss Charles's Amended Complaint for failure to state a claim, or alternatively for summary judgment, contending that Charles failed to timely exhaust her administrative remedies by waiting too long to file her charge of discrimination

with the appropriate state agency or the EEOC.[1]  Because the times during which Charles alleges

that these discrete acts of discrimination occurred fall more than 300 days before she filed her

administrative charge, her claims are time-barred.  The Court will therefore grant the District's

motion to dismiss.

## I.      Legal Standard

To overcome a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 570 (2007)).  Facial plausibility requires "factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

While the court "must take all of the factual allegations in the complaint as true," legal conclusions

"couched as a factual allegation" do not warrant the same deference.  Id. (citing Twombly, 550 U.S.

at 555).

"In ruling upon a motion to dismiss, a court may ordinarily consider only 'the facts alleged

in the complaint, documents attached as exhibits incorporated by reference in the complaint, and

matters about which the Court may take judicial notice.'"  Dyson v. District of Columbia, 808 F.

Supp. 2d 84, 86 (D.D.C. 2011) (quoting Gustave-Schmidt v. Chao, 226 F. Sup. 2d 191, 196 (D.D.C.

---

[1] The District also argues that Charles's "§ 1981 claim . . . fails for the independent reason that [s]he has no private right of action under [42 U.S.C.] § 1981." Def.'s Opp'n 11.  Charles, however, does not bring a separate claim under § 1981.  Rather, she is pursuing the damages provided for by 42 U.S.C. § *1981a*—a separate section of the U.S. Code that allows a complaining party to recover compensatory and punitive damages under certain circumstances against a respondent who engages in unlawful intentional discrimination.  See Pl.'s Am. Compl. ¶ 1.  This is not the first time the District has made this mistake.  See Dyson v. District of Columbia, 808 F. Supp. 2d 84, 88 n.5 (D.D.C. 2011) ("[The] defendant confuses [42 U.S.C. §] 1981a with 42 U.S.C. § 1981(a), which is an entirely different statute prohibiting discrimination in the making and enforcement of contracts. . . .  Section 1981a, on the other hand, provides remedies for claims brought under certain sections of the Civil Rights Act of 1964, including Title VII.").

2002)).  A Court properly may consider as well "documents upon which [a] plaintiff's complaint

necessarily relies even if the document is produced not by the plaintiff in the complaint but by the

defendant in a motion to dismiss."  Slate v. Public Defender Serv., 31 F. Supp. 3d 277, 287–89

(D.D.C. 2014) (quoting Hinton v. Corr. Corp. of Am., 624 F. Supp. 2d 45, 46 (D.D.C. 2009)).  It is

appropriate to consider such "documents attached to motions to dismiss . . . without converting the

motion into one for summary judgment when the documents were referenced in the Complaint and

were central to the plaintiff's claims."  Slate, 31 F. Supp. 3d at 287.

## II.   Analysis

### A.  Statutory Requirements for Bringing a Claim for Discrimination or Retaliation

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., forbids an employer "to

fail or refuse to hire or to discharge any individual, or to otherwise discriminate against any

individual . . . because of such individual's race, color, religion, sex, or national origin."  Id.

§ 2000e-2(a)(1).  The ADEA includes the same prohibition based on age.  29 U.S.C. § 621 et seq.

Title VII also makes it unlawful to retaliate against an employee because she "opposed" an

unlawful employment practice, filed a charge of discrimination, or otherwise participated in a

formal investigation into alleged unlawful employment practices.  42 U.S.C. § 2000e-3(a).

Congress has authorized the EEOC to investigate allegations of employment discrimination and to

file civil charges against employers in federal district court.  Id. §§ 2000e-5, 2000e-8.

Administrative charges under Title VII and the ADEA "shall be filed" no later than 180

days after the alleged unlawful employment practice took place; that deadline is extended to 300

days where a charge is filed with a state or local agency that also has the "authority to grant or seek

relief from such practice."  Id. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(1); see also Nat'l R.R.

Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002) ("'Shall' makes the act of filing a charge

within the specified time period mandatory.").  If the EEOC declines to pursue the charge or has not

taken action within 180 days, it issues the complainant a right-to-sue letter, authorizing her to bring

suit on her own behalf within 90 days from receipt of the letter.  See 42 U.S.C. § 2000e-5(f)(1);

Martini v. Fannie Mae, 178 F.3d 1336, 1340–41 (D.C. Cir. 1999).  Employees must first exhaust

these administrative requirements and comply with the timelines in the statute in order to recover

for the acts of discrimination they allege.  Washington v. Wash. Metro. Area Transit Auth., 160

F.3d 750, 752 (D.C. Cir. 1998).

Failure to timely file an administrative charge of discrimination subjects a plaintiff to a time

bar, similar to a statute of limitations.  Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393

(1982); Singleton v. Potter, 402 F. Supp. 2d 12, 33 (D.D.C. 2005) ("[T]he administrative deadlines

imposed . . . 'function like a statue of limitations . . . .'" (quoting Brown v. Marsh, 777 F.2d 8, 13

(D.C. Cir. 1985))).  "The statute precludes recovery for discrete acts of discrimination or retaliation

that occur outside the statutory time period."  Morgan, 536 U.S. at 105.  When alleging discrete

discriminatory acts, as Charles does here, "each discriminatory act starts a new clock for filing

charges alleging that act."  Id. at 113.

B.  Whether Charles's Claims Are Time-Barred

Charles filed her charge of discrimination with both the appropriate state agency and the

EEOC, so it appears that the 300-day window applies.[2]  She filed the charge on August 12, 2013.

Accordingly, the "claims arising from acts that occurred more than 300[] days prior to [that date]

must be dismissed," Coleman v. Potomac Elec. Power Co., 310 F. Supp. 2d 154, 159 (D.D.C.

---

[2] Charles refers multiple times in her Amended Complaint to the EEOC charge she filed, see ¶¶ 8, 10, but does not attach a copy of it.  The District, however, attaches a copy of the charge to its motion to dismiss.  Def.'s Mot. Dismiss Ex. 1.  Because the "[charge] filed by" Charles is "referenced in the [Amended] Complaint and [is] central to [her] claims," the Court may consider it when ruling on the District's motion to dismiss and need not treat "the instant motion [as] a motion for summary judgment."  Slate, 31 F. Supp. 3d at 288.

2004), meaning that the only acts for which she can recover must have occurred on October 16, 2012 or later.

None of the purported acts of discrimination that Charles describes in her Amended Complaint, however, is alleged to have occurred on or after that date. For instance, Charles does not state the exact dates on which she applied for and was denied a promotion to a permanent Program Support Assistant position. She does explain, however, that she applied for or inquired about such a promotion in January and February 2011, but that DYRS "did not take the action . . . to promote her" at that time, Am. Compl. ¶ 11; that her supervisor subsequently agreed to approve her for a promotion but "failed and refused to promote" her when that "application process" was "decided in March 2012," id.; and that DYRS advertised an opening for a permanent position in April 2012, but that she was discouraged from applying and ultimately passed over for this position at some point prior to August 12, 2012, id. ¶¶ 13, 16. She further claims that on August 12, 2012, she requested a "desk audit"— which was approved by a Human Resources management official on August 20, 2012—but that her supervisor "just refused" to allow it to take place.[3] Id. ¶ 16. Finally, she accuses DYRS of "terminat[ing] her," id. ¶ 18, elaborating in her EEOC charge that she was told in September 2012 that her term appointment would not be renewed and that, the same month, she complained about "the discrimination [she] experienced" and began applying for other jobs. All of these acts, by Charles's own account, took place *before* October 16, 2012.

---

[3] Although the District does not raise the issue, and the Court therefore does not decide it, at least one court in this district has "held as a matter of law that denials of desk audits . . . do not constitute adverse employment actions." Brookens v. Solis, 635 F. Supp. 2d 1, 4 (D.D.C. 2009); cf. Rand v. Sec'y of the Treasury, 816 F. Supp. 2d 70, 74 (D.D.C. 2011) (dismissing as conceded a plaintiff's claim that the Treasury Secretary discriminated against her by failing to complete a desk audit).

The closest Charles comes to alleging an act of discrimination on or after that date is the

statement, in her charge of discrimination, that "[i]n October 2012, my TERM appointment was not

renewed." Def.'s Mot. Dismiss Ex. 1. Setting aside the fact that she does not indicate when in

October her employment ceased, the Court understands Charles to allege that the decision not to

renew her employment was made and communicated to her in September and that the term of her

employment officially expired in October. The relevant date is that in September when she alleges

she was notified that her term employment would not be renewed, as the time to file an

administrative charge of discrimination begins to run in employment discrimination cases when the

final decision to terminate was made and communicated to the employee. See Del. State Coll. v.

Ricks, 449 U.S. 250, 258 (1980); see also Ashraf-Hassan v. Embassy of France, 878 F. Supp. 2d

164, 170 (D.D.C. 2012) (holding that a termination "occur[s]" when the decision is communicated

and is final); Sharma v. District of Columbia, 791 F. Supp. 2d 207, 214 (D.D.C. 2011) ("[A]

plaintiff is terminated from employment when she receives 'final, unequivocal, and definite' notice

of her termination, even if the effective date occurs later." (quoting Ricks, 449 U.S. at 259)).

Charles contends that DYRS's decisions not to promote her to a permanent position, its

hiring of another person to fill the permanent position, its failure to perform a desk audit, and its

decision not to renew her term appointment were all motivated by a discriminatory intent based on

her race, age, and national origin. Am. Compl. ¶¶ 12, 14–16. She also contends that these

decisions were taken in retaliation against her because she objected to and opposed the alleged

discriminatory practices of DYRS against herself and others. Id. ¶ 12.[4] But the timeframe in which

---

[4] Charles also mentions experiencing a "hostile work environment," Am. Compl. ¶ 20, but
that term generally relates to continued harassment based on an employee's membership in a
protected class and not, as is alleged here, to multiple discrete acts of discriminatory treatment. See
Baird v. Gotbaum, 662 F.3d 1246, 1252 (D.C. Cir. 2011) ("[A]cts giving rise to a hostile work
environment claim . . . must be adequately connected to each other . . . [as] 'part of the same

Charles alleges that all of these events occurred falls outside the 300-day window within which

plaintiffs must submit a charge of discrimination to the appropriate state agency.[5]  Charles's claims

are consequently time-barred.  The fact that she may have "filed a charge of discrimination with the

EEOC describing the allegations of employment discrimination and received a Right to Sue letter

from" that agency, Pl.'s Opp'n 3, is irrelevant to whether her claims are timely or should instead

"be dismissed for failure to have filed her . . . charge within the requisite 300-day time period."  See

Bailey v. Verizon Commc'ns., Inc. 544 F. Supp. 2d 33, 38 (D.D.C. 2008).  The Court will therefore

dismiss those claims.[6]

---

unlawful employment practice' . . . as opposed to being an array of unrelated discriminatory or retaliatory acts." (quoting Morgan, 536 U.S. at 122)); Lester v. Natsios, 290 F. Supp. 2d 11, 33 (D.D.C. 2003) ("Discrete acts constituting discrimination or retaliation claims . . . are different in kind from a hostile work environment claim that must be based on severe and pervasive discriminatory intimidation or insult.").

[5] Charles's opposition to the District's motion to dismiss does not address the argument that the filing of her charge was untimely and does not contest that the specific acts of discrimination she complains of took place more than 300 days before she filed her charge.  Instead, Charles claims that she is alleging "continuing" discrimination on the part of DYRS. Pl.'s Opp'n 2–3.  A continuing-violation theory of employment discrimination, however, requires that a plaintiff point to at least one act that occurred within the statutory time period.  Morgan, 536 U.S. at 105.  As previously noted, Charles has not alleged *any* adverse employment action that occurred within 300 days of her filing a charge of discrimination with the EEOC or the appropriate state agency.

[6] The D.C. Circuit "has instructed that 'dismissal with prejudice is warranted only when a trial court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" Rollins v. Wackenhut Servs., Inc., 703 F.3d 122, 131 (D.C. Cir. 2012) (quoting Firestone v. Firestone, 76 F.3d 1205, 1209 (D.C. Cir. 1996)).  No additional allegations of fact could change the conclusion that every one of the individual claims Charles brings in this action is time-barred.  Dismissal with prejudice is thus appropriate, as the Court finds that Charles "could not allege additional facts that would cure the deficiencies in her complaint." Belizan v. Hershon, 434 F.3d 579, 584 (D.C. Cir. 2006).

## III.    Conclusion

For the foregoing reasons, the Court will grant the District's Motion to Dismiss and will dismiss Charles's Amended Complaint with prejudice.

CHRISTOPHER R. COOPER
United States District Judge

Date:    February 19, 2016